[Cite as *State v. Caldwell*, 2026-Ohio-2367.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

BRIAN CALDWELL,

    DEFENDANT-APPELLANT.

CASE NO. 3-25-27

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 24-CR-0112

**Judgment Affirmed**

Date of Decision:  June 22, 2026

APPEARANCES:

    *William Cramer* **for Appellant**

    *Daniel Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Brian Caldwell ("Caldwell") brings this appeal from the judgment of the Common Pleas Court of Crawford County resentencing him on remand after a prior appeal. On appeal Caldwell claims that the sentence imposed was vindictive. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 21, 2024, after a jury trial, the trial court sentenced Caldwell on eight counts of a ten count indictment: 1) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(e), a felony of the first degree; 2) illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(a), a felony of the second degree; 3) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a felony of the second degree; 4) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree; 6) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree; 7) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree; 9) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(e), a felony of the first degree; and 10) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(c), a felony of the third degree.[1] The indicted offenses occurred on multiple

---

[1] Count 5 and Count 8 were dismissed upon the trial court's granting Caldwell's Criminal Rule 29 motion at trial.

-2-

days over approximately one month. The trial court sentenced Caldwell to serve a prison terms as follows: Count 1 = six years; Count 2 = 8 years; Count 3 = 24 months; Count 4 = 24 months; Count 6 = 6 years; Count 7 = 6 years; Count 9 = 11 years; and Count 10 = 36 months. Counts 1, 2, 6, 7, and 9 were ordered to be served concurrent to each other for an indefinite sentence of 11 to 16.5 years. Counts 3, 4, and 10 were ordered to be served concurrent to each other for a definite sentence of 36 months. These two sentence groupings were ordered to be served consecutive to each other for an aggregate prison term of 11 years to 16.5 years plus 36 months. At that time, the trial court made all the required findings to impose sentences in a consecutive manner.

{¶3} Caldwell appealed from this judgment and claimed on appeal that the sentences on all counts except Count 2 were contrary to law. This Court agreed and held that all but Count 2 should have been sentenced as felonies of the fourth degree as the verdict forms failed to comply with R.C. 2945.75. This Court remanded the matter to the trial court for resentencing. On September 29, 2025, a new sentencing hearing was held.[2] The trial court sentenced Caldwell to serve a prison terms as follows: Count 1 = 18 months; Count 2 = 8 to 12 years; Count 3 = 12 months; Count 4 = 12 months; Count 6 = 18 months; Count 7 = 18 months; Count 9 = 18 months;

---

[2] This Court notes that the judgment entry is inconsistent as at one point it indicates that Caldwell was convicted by a jury and at another it indicates that he entered a plea of guilty. The record indicates that the second statement was incorrect and is a clear clerical error that may be corrected by a nunc pro tunc entry.

and Count 10 = 12 months. Counts 1, 2, 6, 7, and 9 were ordered to be served concurrent to each other for an indefinite sentence of 8 to 12 years. Counts 3, 4, and 10 were ordered to be served consecutive to each other for a definite sentence of 36 months. These two sentence groupings were ordered to be served consecutive to each other for an aggregate prison term of 8 years to 12 years plus 36 months.[3]

{¶4} Once again the trial court made all of the required findings to impose consecutive sentences. Specifically, the trial court found that R.C. 2929.14(C)(4)(b) applied in that "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of the courses adequately reflects the seriousness of [Caldwell's] conduct." Tr. 15. Caldwell appeals from this sentence and raises the following assignments of error on appeal.

**First Assignment of Error**

**[Caldwell's] due process right to be free of vindictive sentencing following a successful appeal was violated when the trial court increased the number of consecutive terms on remand without any new facts to justify the increase.**

---

[3] The judgment entry makes the required findings for imposition of consecutive sentences. During the sentencing hearing, the trial court indicated that subsection (b) of R.C. 2929.14(C)(4) applies. However, the trial court states in its entry that "at least one of the factors in R.C. 2929.14(C)(4)(a)-(c) apply", but fails to identify which of the factors it is.

## Second Assignment of Error

**[Caldwell's] due process right to a lawful sentence was violated by the imposition of additional consecutive terms following a successful appeal where there were no new facts presented at resentencing to support the additional consecutive terms.**

As both assignments of error allege that the sentence was errant, violating due process, we will address them together.

{¶5} Caldwell claims in his first assignment of error that the sentence imposed by the trial court was vindictive because the trial court increased the number of consecutive terms. Caldwell claims in the second assignment of error that increasing the number of sentences to be served consecutively violated his due process rights. To punish a defendant because he has done what is permitted by law, such as appeal a decision, is a due process violation which is vindictive. *State v. Rahab*, 2017-Ohio-1401, ¶ 8. The question is how a defendant proves vindictiveness. *Id.* at ¶ 8.

{¶6} Generally, an appellate court will defer to the trial court in making sentencing decisions. *Id.* at ¶ 10. However, the imposition of a harsher sentence following a successful appeal provides a presumption of vindictiveness. *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). In the case that a presumption of vindictiveness is present, the State can rebut the presumption by providing affirmative, non-vindictive reasons for the sentence on the record. *Id.* at 726. If there is no presumption of vindictiveness present, the appellate court must review

the entire record to see whether there is evidence of actual vindictiveness. *Rahab* at ¶ 19. "We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." *Id*.

{¶7} Here, Caldwell claims that his sentence was vindictive because on remand more counts were ordered to be served consecutive than in the original sentence. However, this ignores the fact that the overall sentence was not harsher. All of the individual sentences, excluding Count 2 which was not overturned on appeal and was not modified, were reduced. Additionally, the aggregate sentence was also reduced. Caldwell went from an aggregate sentence of 11 years to 16.5 years plus 36 months to an aggregate sentence of 8 years to 12 years plus 36 months. While this sentence may have been harsher than Caldwell wanted on remand, it was not a harsher sentence than was imposed originally. Thus there is no presumption of vindictiveness.

{¶8} This Court next will consider whether the record shows evidence of actual vindictiveness. Caldwell claims that actual vindictiveness was present because the trial court increased the number of sentences to be served consecutively in order to maintain the original sentence, thus using a sentencing package doctrine and violating his due process rights. Caldwell is correct in asserting that Ohio does not use a sentencing package system. *State v. Saxon*, 2006-Ohio-1245, ¶ 10.

"Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time." *Id*. at ¶ 8. Judges in Ohio are required to assign a sentence to each offense separately. *Id*. at ¶ 9. Once that is done, then the judge can consider whether the terms should be served concurrently or consecutively. *Id*. "[A] trial court has the discretion, within the statutory framework, to impose a consecutive sentence as part of a resentencing hearing even if it imposed a concurrent sentence previously." *State v. D.H.*, 2019-Ohio-1017, ¶ 28 (10th Dist.).

{¶9} At the sentencing hearing on remand, the trial court specifically indicated that it was starting anew on all but Count 2. The State argued that each of the convictions was part of a "months long trafficking in meth, drug trafficking that [Caldwell] was doing". Tr. 9. The State then requested that the trial court impose 12 month sentences on all the fourth degree felonies and that they all be ordered to be served consecutively for an aggregate sentence of 15 to 19 years in prison. Caldwell presented evidence showing that he had no prior prison history before these cases and that he had made changes to his life. Caldwell then requested that he be given minimum sentences and that they be run concurrently to each other.

{¶10} The trial court indicated the factors it was considering, including those working in Caldwell's favor. After considering all of the factors, including the amount of drugs that were trafficked and the number of separate instances of trafficking, as discussed at trial, the trial court imposed the sentence. The trial court

noted that, given the evidence shown at trial, maximum sentences on all of the fourth degree felonies may have been supported by the record and that consecutive sentences may be justified. However, given Caldwell's record and how his rehabilitation was progressing in prison, the trial court decided to only make three of the fourth degree felonies consecutive to the second degree felony. The trial court further noted that the sentence was less than previously ordered and that with good behavior, Caldwell would be eligible for release after eight years and six months. What may not have been deemed so serious as to justify consecutive sentences for second degree felonies, may have been deemed more serious for fourth degree felonies. The trial court determined that consecutive sentences were appropriate in this case and provided its findings on the record.

{¶11} After reviewing the record in its totality, there is no evidence that the trial court was acting vindictively. The trial court properly considered all of the factors and even indicated that it was looking for as many factors in Caldwell's favor as it could find. There is also no indication that the trial court violated Caldwell's due process rights by again imposing consecutive sentences. As there is no evidence of actual vindictiveness, the trial court considered the required statutory factors, the trial court made the required findings, and the sentences imposed are within the statutory range, the trial court did not err in imposing the sentences in this case. The assignments of error are overruled.

{¶12} Having found no error prejudicial to appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Crawford County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
John R. Willamowski, Judge

_____
William R. Zimmerman, Judge

_____
Mark C. Miller, Judge

DATED:
/hls